IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 4:11CR79 |
| | § | Judge Crone |
| HERIBERTO FRANCO | § | |

## **PLEA AGREEMENT**

The defendant, **Heriberto Franco**, the defendant's attorney Demetrio Duarte Jr., and the United States Attorney for the Eastern District of Texas agree to the following:

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count Two of the Second Superseding Indictment, which charges a violation of 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering. The defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:** The maximum penalties the Court can impose include:

   a. imprisonment for a period not more than twenty years;

   b. a fine not to exceed $500,000.00, or twice the value of the property involved in the transaction;

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing;**

   e. forfeiture of property involved or traceable to the criminal offense;

   f. restitution to victims or to the community; and

   g. costs of incarceration and supervision.

4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum. The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

Plea Agreement - Page 2

5. **GUIDELINE STIPULATIONS**: The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

    a. The base offense level under U.S.S.G. § 2S1.1 is 8.

    b. The following specific offense characteristics in U.S.S.G. § 2B1.1(b)(1)(B) applies: an increase of 16 levels for a loss of more than $1,000,000.00.

    c. The following specific offense characteristics in U.S.S.G. § 2S1.1(b)(1)(B)(i) applies: an increase of 6 levels since the offense involved the distribution of a controlled substance.

    d. The following specific offense characteristics in U.S.S.G. § 2S1.1(b)(2)(B) applies: an increase of 2 levels since the defendant was convicted under 18 U.S.C. § 1956.

    e. A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this Agreement, this stipulation is void and the defendant may object to the failure of the Presentence Report to recommend the reduction. Additionally, the government's request to decrease the offense level by one additional level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

The parties understand that the Court is not bound by these stipulations. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment. Based on the defendant's criminal

history, the defendant's base offense level may increase under the career offender guidelines, U.S.S.G. § 4B1.1, or the guidelines implementing the Armed Career Criminal Act, U.S.S.G. § 4B1.4. It will not be a violation of this agreement for either party to argue for or against the changed offense level resulting from the defendant's criminal history.

6. **RESTITUTION**: The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

7. **DEFENDANT'S COOPERATION**: The defendant shall give truthful and complete information and/or testimony concerning the defendant's participation in the offense of conviction and knowledge of other criminal activities. The defendant shall not take any actions that would obstruct the government's investigation into the offense of conviction or the other criminal activities of which the defendant has knowledge. The defendant understands that intentionally providing false information or testimony to implicate an innocent person in the commission of a crime, or to protect a guilty person, and/or exaggerating the involvement of any person in a crime in order to appear cooperative, will

be a material violation of this agreement. Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant also agrees to comply with all relevant orders and rules of the Court. The government will advise the Court of the extent of the defendant's cooperation. Failure to comply with this section can result in prosecution for the charges identified in paragraph 2 above and for any other federal offenses that the defendant may have committed. Additionally, upon such failure, the government may use any of the defendant's statements or leads derived therefrom against the defendant in any proceeding.

8. SUBSTANTIAL ASSISTANCE: If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others, the government will file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). The defendant's cooperation does not automatically require the government to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the government. **It is entirely within the Court's discretion as to what, if any, reduction in sentence the defendant will receive.**

9. GOVERNMENT'S AGREEMENT: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of

guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

10. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

11. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum or applicable guideline range, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

13. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department

or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

15. **LIMITATIONS ON THIS AGREEMENT**: This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

16. **ENTIRETY OF AGREEMENT**: The defendant, the defendant's attorney, and the government acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

                                                          Respectfully submitted,

                                                          JOHN M. BALES
                                                          UNITED STATES ATTORNEY

Dated: 5/4/12

                                                          ERNEST GONZALEZ
                                                          Assistant United States Attorney

      I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 5-4-12

                                                          Heriberto Franco
                                                         Defendant

      I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 5-4-12

                                                          Demetrio Duarte Jr.
                                                         Attorney for Defendant