IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:11CR79 |
| | § | Judge Crone |
| HERIBERTO FRANCO | § | |

## STATEMENT OF FACTS IN SUPPORT OF PLEA AGREEMENT

The defendant, **Heriberto Franco**, hereby stipulates and agrees that at all times relevant to the First Superseding Indictment herein, the following facts were true:

1. That the defendant **Heriberto Franco**, who is changing her plea to guilty, is the same person charged in the Second Superseding Indictment.

2. That the events described in the Second Superseding Indictment occurred in the Eastern District of Texas and elsewhere.

3. That **Heriberto Franco** in some way or manner made an agreement with others to commit the crime charged in Count Two of the Second Superseding Indictment, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to-wit: cocaine, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

4. That **Heriberto Franco** completed financial transactions worth over $1,000,000.00.

5. On multiple occasions during the term of this conspiracy **Heriberto Franco** assisted other co-conspirators in the transportation of proceeds from the sale of cocaine in the United States to the Republic of Mexico.

6. That **Heriberto Franco** intended to promote the carrying on of the specified unlawful activity or to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the unlawful activity;

7. That **Heriberto Franco** knowingly transported, transmitted, or transferred monetary instruments or funds from the United States to or through a place outside the United States, or to the United States from or through a place outside the United States;

8. That **Heriberto Franco** knew that the monetary instrument or funds involved in the transportation, transmission or transfer represented the proceeds of the specified unlawful activity; and

9. That the **Heriberto Franco** knew that such transportation, transmission or transfer was designed, in whole or in part, to conceal or disguise the nature, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

10. I have read this Statement of Facts and the Second Superseding Indictment and have discussed them with my attorney. I fully understand the contents of this Statement of Facts and agree without reservation that it accurately describes the events and my acts.

Dated: 5-4-12

HERIBERTO FRANCO
Defendant

## COUNSEL FOR DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

11. I have read this Statement of Facts and the Second Superseding Indictment and have reviewed them with my client. Based upon my discussions with the defendant, I am satisfied that the defendant understands the Statement of Facts and the Second Superseding Indictment.

Dated: 5-4-12

DEMETRIO DUARTE, JR.
Attorney for the Defendant